**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | |
|---|---|
| SHEILA WITHERS<br>6851 Santa Maria Avenue<br>Highland, MD 20777 | *<br><br>* |
| and | * |
| COLIN WITHERS<br>6851 Santa Maria Avenue<br>Highland, MD 20777 | *<br><br>*  Civil Action No. _____ |
| Plaintiffs<br>v. | *<br><br>* |
| MADISON WOOD<br>PRESERVERS, INC.<br>216 Oak Park Road<br>Madison, VA 22727 | *<br><br>*<br><br>* |
| Defendant | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT**

Plaintiffs Sheila and Colin Withers (together, the "Withers" or "Plaintiffs"), by and through their attorneys, Aidan F. Smith, Mark D. Maneche and Pessin Katz Law, P.A., hereby sue Madison Wood Preservers, Inc. ("Madison" or "Defendant").

**Parties and Jurisdiction**

1.   Plaintiffs Sheila and Colin Withers are natural persons and residents of Howard County, Maryland.

2.   Defendant Madison is a corporation duly organized under the laws of Virginia with its principal place of business in Madison, Virginia. Madison is engaged in the design, manufacture, and sale of chemicals and chemically-treated wood. Madison does regular business in Maryland (*i.e.*, the sale and/or manufacture of chemically-treated wood).

3.       Jurisdiction in the United States District Court for the District of Maryland is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship as between Plaintiffs and Defendant and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

4.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this case occurred in the Northern Division of the District of Maryland.

## Facts Common to All Counts

5.       On or about July 16, 2009, the Plaintiffs entered into a contract with ProBuilt Construction, Inc. ("ProBuilt") to build a deck on their home located at 6851 Santa Maria Avenue in Highland, Maryland.

6.       The deck was built in accordance with the contract in or about August of 2009, and Plaintiffs paid $65,000.00 for the design, materials and labor. The proposal for the original project is attached hereto as **Exhibit 1.**

7.       The deck was constructed using wood that purportedly was treated by Madison to preserve the wood from rot, mold, fungi, and the like (the "Wood").

8.       In or around December 2019, Plaintiffs had their property inspected for termites. During the course of this inspection, the inspector noted that the Wood used to build Plaintiffs' deck was significantly contaminated by a wood fungus.

9.       Wood that contains fungus is not a safe or stable material for a structure. If the Wood used to construct the deck had been properly treated by Defendant, then the fungus would not have formed on the deck and the deck would be fit for normal use.

10. During the termite inspection, the inspector advised Plaintiffs that the deck was not structurally sound due to the contaminated Wood. Plaintiffs ceased use and enjoyment of their deck at that time due to safety concerns.

11. Shortly after the termite inspection, Plaintiffs obtained an estimate from NXteriors, LLC in the amount of $59,000, which is attached as **Exhibit 2.**

12. The Wood on the Plaintiffs' deck contained tags from Madison, indicating that it was pressure-treated wood.

13. The deck was inspected by an expert in biomaterials who determined the Wood actually had not been treated at all.

### COUNT I – NEGLIGENCE

14. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

15. Defendant is engaged in the design, manufacturing, and sale of chemically-treated Wood.

16. Defendant has a duty to design, manufacture, and sell products that are free from any and all defects, safe for use, and fit for their intended purpose.

17. Defendant breached that duty when it manufactured and/or sold a defective, unsafe, and unfit product that was ultimately used in ProBuilt's construction of Plaintiffs' deck.

18. In or about December of 2019, Plaintiffs became aware that their deck in its current condition is permanently structurally unstable and unsafe for use due to its composition of defective Wood.

19. As a proximate result of this negligently designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

## COUNT II – BREACH OF WARRANTY

20. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

21. Defendant is engaged in the design, manufacturing, and sale of chemically-treated Wood. Defendant has a duty to design, manufacture and sell products that are free from defects, safe for use, and fit for their intended purpose.

22. Plaintiffs have used their deck in a reasonably foreseeable manner as an outdoor living and entertaining space in their home since it was built.

23. Defendant Madison publishes a warranty on its website, located at https://www.madwood.com/documents/mp-lifewood-warranty-page2.pdf (the "Warranty"), which extends to "the original consumer or 'first owners' of a MicroPro/LifeWood product that 'structurally fails.'" Plaintiffs are the first homeowners of the deck structure built by contractor ProBuilt in 2009.

24. The Warranty also states that it provides coverage for a MicroPro/LifeWood product that "structurally fails" in that the Wood does not "perform its intended function due to fungal decay or termite attack." Plaintiffs' Wood deck is infested with wood fungus, which is covered by the Warranty.

25. Plaintiffs notified Defendant of the warranty claim promptly and in accordance with the provisions of the Warranty, and Defendant has failed to honor the Warranty.

26. As a result of this breach of warranty, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

27. These damages were proximately caused by Defendant in that the Wood has caused the deck to become unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

## COUNT III – STRICT PRODUCTS LIABILITY

28. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

29. Defendant is engaged in the design, manufacturing, and sale of chemically-treated wood and has a duty to design, manufacture, and sell products that are free from any and all defects, safe for use, and fit for their intended purpose.

30. Defendant placed a defective product into the stream of commerce when it sold the defectively designed and/or manufactured and unreasonably dangerous Wood, which was ultimately used in ProBuilt's construction of Plaintiffs' deck.

31. On information and belief, the Wood reached Plaintiffs' deck without any substantial change in its condition on the part of Plaintiffs, ProBuilt, or any other third party. Plaintiffs have used the deck in a reasonably foreseeable and expected manner since it was built.

32. In or about December of 2019, Plaintiffs were made aware that their deck is permanently structurally unstable and unsafe for use due to the Wood. Continued use of the deck would create a risk of substantial injury or death to those on or near the structure.

33. As a proximate result of this defectively designed and/or manufactured product, Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

## COUNT IV – DECEPTIVE TRADE PRACTICES

34. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

35. Defendant's representation in the Warranty and other materials that its product would not be impacted by "termites or fungal decay including, but not limited to surface mold growth" falsely deceived, had the capacity to deceive, and misled consumers by implying that the Wood treated by Defendant would not be detrimentally impacted by "termites or fungal decay including, but not limited to surface mold growth."

36. Plaintiffs have suffered damages in excess of $75,000 insofar as their deck is unstable, unsafe, and unusable for its intended purpose.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

## COUNT V – FRAUD

37. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

38. Defendant's Wood contained tags stating that it was pressure-treated to protect against fungi, mold and the like. Defendant's website and Warranty make similar misrepresentations.

39. The Wood used in the construction of Plaintiffs' deck in fact was not pressure-treated, thereby leaving the Wood vulnerable to mold, fungi, and decay and the deck at risk to become structurally unsound.

40. Defendant represented that its Wood was pressure-treated despite knowledge that it was not so treated, or with reckless indifference to the truth of that representation.

41. Plaintiffs selected the Wood for their deck construction based on Defendant's representation that it would be protected against mold, fungi, and decay, and that it would be structurally sound and fit for its particular purpose.

42. As consumers, Plaintiffs justifiably relied on Defendant's representation that the Wood was pressure-treated in that Defendant manufactures and treats the Wood and is in a superior position to know of its condition.

43. The Wood was not protected against mold, fungi, and decay and therefore made the deck structurally unsound and unfit for its intended purpose.

44. Plaintiffs suffered damages due to the intentionally or recklessly false representation by Defendant in that their deck ultimately became structurally unsound and unusable. Plaintiffs have suffered, *inter alia,* monetary loss in having to repair the deck and loss of use and enjoyment of the structure.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

## COUNT VI – CONSTRUCTIVE FRAUD

45. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

46. Defendant's representations on its tags, website, and warranty have the tendency to deceive others into purchasing their products, because consumers are relying on Defendant's representations that they are structurally sound, protected against mold and fungi, or the like.

47. The Defendant's representations were in fact false because the Wood used in the construction of Plaintiffs' deck in fact was not pressure-treated.

7

48. Defendant either knew or should have known that its representations were false because it is a designer, seller, and/or manufacturer of the Wood and is therefore responsible for and knowledgeable of its ultimate condition.

49. Plaintiffs justifiably relied on Defendant's representation that the Wood was pressure-treated in that Defendant manufactures and treats the Wood and is in a superior position to know of its condition. Other consumers are likely to justifiably rely on Defendant's representation in a similar manner because Defendant is in the business of selling, designing, and manufacturing the Wood generally for purchase by members of the public.

50. Plaintiffs suffered damages due to the false representation by Defendant in that their deck ultimately became structurally unsound and unusable. Plaintiffs have suffered, *inter alia,* monetary loss in having to repair the deck and loss of use and enjoyment of the structure.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

### COUNT VII – NEGLIGENT MISREPRESENTATION

51. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

52. Defendant was negligent in its representation that the Wood was pressure-treated and protected against mold, fungi and decay because a reasonable manufacturer, designer, or seller of treated Wood would not warrant conditions in the Wood that are not present.

53. The Defendant's representation was in fact false because the Wood used in the construction of Plaintiffs' deck in fact was not pressure-treated.

54. Defendant either knew or should have known that its representations were false because it is a designer, seller, and/or manufacturer of the Wood and is responsible for its ultimate condition.

8

55. Defendant knew that consumers, such as the Plaintiffs, would rely on its representation that the Wood was pressure-treated because it is in the business of the design, sale and/or manufacture of the Wood generally for purchase by members of the public.

56. Plaintiffs justifiably relied on Defendant's representation that the Wood was pressure-treated. Defendant manufactures and treats the Wood and is therefore responsible for and knowledgeable of its ultimate condition.

57. Plaintiffs suffered damages due to the false representation by Defendant in that their deck ultimately became structurally unsound and unusable. Plaintiffs have suffered, *inter alia,* monetary loss in having to repair the deck and loss of use and enjoyment of the structure.

WHEREFORE, Plaintiffs Shelia and Colin Withers demand judgment against Defendant in an amount in excess of $75,000, plus punitive damages, interest, costs and attorneys' fees.

Respectfully submitted,

*/s/ Aidan F. Smith*
Mark D. Maneche (Fed. Bar No. 23368)
mmaneche@pklaw.com
Aidan F. Smith (Fed. Bar No. 29312)
asmith@pklaw.com
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
(410) 832-5628 (fax)

**Counsel for Plaintiffs**

## **DEMAND FOR JURY TRIAL**

Plaintiffs, Colin and Sheila Withers, assert their right under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial on all issues.

Respectfully submitted,

*/s/ Aidan F. Smith*
Mark D. Maneche (Fed. Bar No. 23368)
mmaneche@pklaw.com
Aidan F. Smith (Fed. Bar No. 29312)
asmith@pklaw.com
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland 21204
(410) 938-8800
(410) 832-5628 (fax)

*Counsel for Plaintiffs*